JOHN S. STUBBS AND RICHARD S. JONES, AS EXECUTORS, ETC., OF SAMUEL S. STUBBS, DECEASED, RESPONDENTS, *v.* EDWARD C. RIPLEY, HATTIE M. RIPLEY AND CHRIS. LAURITS, APPELLANTS, IMPLEADED, ETC.

*Practice—power of court to order a reference on a motion to continue an injunction— it may compel the personal appearance of the affiants — may prescribe upon what notice the hearing should be had — may prohibit an application for the examination of witness without the State by a commission.*

In this action, brought to recover trust funds which were alleged to have been appropriated by one of the defendants to his own use and invested in real estate, the title to which had been taken in the name of one of the other defendants, a temporary injunction restraining the defendants from interfering with the real estate, or collecting the rents thereof, was granted. Upon the hearing of a motion to continue the injunction a reference was ordered to take such further proof as might be submitted, the parties being required to produce the affiants making the affidavits used on the motion before the referee for cross-examination. The referee having refused to require the defendants to produce their affiants when requested by the plaintiffs, an order was made upon the plaintiffs' application requiring that certain affiants be produced by the defendants, in the order named, before the referee for cross-examination, unless the referee, in his discretion, should postpone the examination of any affiant for a cause personal to that person.

It was denied by the plaintiffs that two of the most important persons so required to appear were living natural individuals, and it was claimed by them

that the assertion of their existence and conduct was made by the principal defendant to conceal his misappropriation and concealment of the funds of the estate.

*Held,* that the order was a proper one and should be affirmed.

The order directed the parties to proceed upon this part of the reference on two days' notice.

*Held,* that the order should be affirmed, as it seemed to be necessary to secure a speedy determination of the controversy, which there seemed to be a disposition to embarrass and prolong.

That as the reference of the motion included no part of the issues of the action, and as neither party would under the circumstances of this case be entitled, under the provisions of the Code of Civil Procedure, to take, by commission, the examination of the witnesses required to be produced before the referee, an order prohibiting the defendants from making an application to take beyond the limits of this State, by a commission, the testimony of any of the affiants required to be produced before the referee was proper and should be affirmed.

APPEAL by Edward C. Ripley, Hattie M. Ripley and Chris. Laurits from an order directing that the affiants, whose affidavits were submitted on behalf of the appealing defendants shall be produced by them and be examined and cross-examined in the order in which they are named, unless the referee in his discretion shall postpone the examination of any affiant for a cause personal to that person. And an appeal by the same defendants from an order prohibiting them from making an application to take the testimony by commission of either of such affiants. And an appeal by the defendant Hattie M. Ripley from so much of the order of reference as required the parties to proceed at any time on two days' notice.

This action was brought to recover a trust fund of $10,000, which was created by the last will and testament of Samuel N. Stubbs, deceased. It was claimed by the plaintiffs, the executors of Samuel N. Stubbs, that the money had been appropriated to his own use by one Edward C. Ripley, while acting as the attorney of James Stubbs, who was entitled to the interest of the fund. It was sought to charge certain real estate with the payment of this amount, it being claimed that the trust fund had been used to purchase it. The plaintiffs sought to have the defendants restrained from collecting the rents or disposing of the property and to have a receiver thereof appointed. Upon the application of the plaintiffs, orders so restraining the defendant and appointing a receiver were granted. It appeared from the papers that the defendant Ripley had collected

two mortgages upon property in the city of New York, in which the trust funds were invested, and reinvested the money in a mortgage upon property in the State of Michigan.

The plaintiffs claimed that Ripley had not in fact reinvested the money, and that the western mortgage was a mere device to enable Edward C. Ripley to retain the money in his hands and purchase the real estate described in the complaint herein, the title to part of which was taken in the name of Hattie M. Ripley. It was also claimed by the plaintiffs that the person named as the mortgagor did not in fact exist, and that the mortgage and affidavits used by the defendants in the proceedings were in fact executed by the said Ripley or some other person acting for him, and were not executed by the persons by whom they purported to be executed.

On the 2d day of March, 1883, on various affidavits and the complaint herein, a temporary injunction was granted, restraining the defendants Edward C. Ripley and Hattie M. Ripley from conveying or incumbering any of their real estate, or in any manner interfering with their accounts in the several banks in the city of New York, accompanied with an order requiring the defendants to show cause why the temporary injunction should not be made permanent, and why a receiver of defendant's real estate and moneys on deposit should not be appointed.

The motion to continue the injunction and appoint a receiver came on to be heard before Mr. Justice LAWRENCE on the nineteenth day of March, 1883, when all the allegations of the complaint were totally denied by the defendants. Thereafter Mr. Justice LAWRENCE made a decision holding that, in his judgment, all the affidavits used by the plaintiffs upon the motion to continue the injunction and appoint a receiver had been fully met and answered.

Upon the application of plaintiffs' counsel an order was made on April 14, 1884, allowing them to reargue the motion to continue the injunction upon additional affidavits. The motion was then fully reargued, and the affidavits originally used were read, together with the original affidavits served; and on the fourteenth day of April, 1884, Mr. Justice LAWRENCE made an order referring the subject-matter of the motion to Joseph A. Bosworth, Esq., " to take such further proof as may be submitted by any of the parties to this action; and that the respective parties by whom affidavits

have been submitted upon the hearing of the motion by the court, produce the affiants before the referee for cross-examination, and that the said referee report the facts found by him upon the papers aforesaid, and the proofs taken by him, to the court, with his opinion thereon, with all practicable speed. Mr. Bosworth meanwhile died, and Henry J. Scudder, Esq., was substituted in his place. He declined to act, and by a further order Rastus S. Ransom, Esq, was appointed referee, before whom the motion has from time to time been heard, and is still pending.

The referee having refused to compel the defendants to produce certain of their affiants as requested by the plaintiffs, the latter applied to the court and procured the following further order.

It is hereby ordered that the said order of April 14, 1884, be so modified that, upon the reference as to the motion to continue the injunction order herein, after the cross-examination of all the affiants whose affidavits were submitted on the part of the plaintiffs, as set forth in the said order of April 14, 1884, shall have been completed, the affiants whose affidavits were submitted on the part of the defendants, Edward C. Ripley, Hattie M. Ripley and Chris. Laurits, the parties next named in the said order as having submitted affidavits, shall be produced by the said defendants; and shall be examined and cross-examined in the order in which they are named therein, unless the referee, in the exercise of his discretion, shall postpone the examination of any affiant for a cause personal to such affiant.

Upon the application of the plaintiffs another order was made, which prohibited the three defendants named in the last order "from making any application to take, beyond the limits of this State, by a commission, the testimony of any of the affiants they are required to produce before the referee for cross-examination."

*Edward C. Ripley* and *John F. McIntyre,* for the appellants.

*Nelson J. Waterbury, James O. Clark* and *J. S. Van Cleef,* for the respondents.

Daniels, J.:

The reference to which these orders relate was to take testimony upon, and opposed to the application to continue the injunction order. It was made under the authority of section 1015 of the

Code of Civil Procedure, authorizing the court to refer a question of fact arising upon a motion to the hearing and determination of. a referee. And as it was not in any sense a trial of the action, the court had the authority to control the proceedings by its order, and to direct the order in which the persons to be examined should be produced before the referee. There was good reason for such a direction, for it has been denied on behalf of the plaintiffs that two of the most important persons alleged to have participated in the transactions brought in issue in the action and on the motion, were not living, natural individuals, but that the assertion of their existence and conduct was a device adopted by the principal defendant to conceal his misappropriation and conversion of the funds of this estate. There was great propriety for that reason, and because of the inability of the plaintiffs to find or discover any such individuals in giving this direction. For if there were no such persons then it followed that this defendant had not invested the money as it is alleged in his behalf that he did, and the probability would follow that the money had been misappropriated, and may have been diverted to pay the purchase-price in part of the real estate described in the complaint. It was to bring this part of the controversy between the parties to a crisis that this order was made, and it was very surely justified by the facts as they were disclosed in the case.

So much of the order from which the defendant Hattie M. Ripley has appealed as directed the parties to proceed upon this part of the reference on two days' notice was also within the power and discretion of the court. What it was evident necessarily to secure was a speedy determination of the controversy which there seemed to be a disposition to embarrass and prolong. To correct and avoid that, this order was made, entitling either party to proceed upon the reference of the motion for the continuance of the injunction on two days' notice. But if the order should prove to be too summary on this subject, the referee was not deprived by it of the usual discretion vested in referees over hearings of this and other descriptions, for he was still left at liberty to adjourn the proceedings whenever that might be found to be necessary or advisable under the circumstances made to appear.

As the reference of the motion included no part of the issues in the action, neither party, under the provisions of the Code, would certainly be entitled to take the examination of the witnesses required to be produced before the referee by commission. For the reference of a question of fact arising upon a motion does not clearly appear to be such a reference as to entitle either party to examine witnesses on commission, under the authority of sections 888, 893 and 894 of the Code of Civil Procedure. A commission, it is true, may be issued in an action where no issue of fact has been framed, but that can be done only in certain specified cases. They have been mentioned and provided for in subdivisions 1, 2 and 4 of section 888 of the Code. But where a commission may be issued by virtue of this authority the evidence designed to be obtained is probably intended to relate to the controversy in the action itself, as distinguished from one arising upon a special motion. It may be that the court might be disposed to consider itself authorized, under special circumstances to direct the issuing of a commission on the reference of a motion under the general authority of subdivision 1 of this section. But that clearly would never be done where the object of the reference was as it has been in this case, to require the production of the individuals personally whose affidavits had been read, to appear before the referee and in that way reveal their own identity and existence. If they were not to be produced in that manner, then no useful object could be promoted by the reference, for by taking the testimony by commission but little more would be accomplished than already had been by the affidavits themselves. It was important and that was the only importance of the reference for the continuance of the injunction, that the persons whose affidavits had been produced and read should be brought before the referee personally and subjected to the effect of a cross-examination, and that end would be defeated by allowing the testimony of either to be taken by commission. As much as that was also provided for by the order of reference itself. For in that order the referee was directed to take such further proof as any of the parties might submit, and that the parties by whom affidavits had been submitted upon the hearing of the motion by the court, should produce the affiants before the referee for cross-examination and that the referee should report the proofs taken by

him and the facts he might find from that proof. No appeal has been taken from this order and it accordingly remains in full force and effect in the case. This order by its language requires that the individuals themselves whose affidavits had been submitted, should be produced before the referee for cross-examination which could not be done if their testimony could be taken by commission. And for that reason it is to be so construed as to forbid the issuing of a commission for the examination of either of these affiants. The order prohibiting in direct language the issuing of commissions did no more than the order of reference itself.

These orders were all within the power of the court over the subject of the reference. The leading circumstances of the litigation required them to be made substantially in this manner, and they should each be affirmed, together with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Orders affirmed, with ten dollars costs and disbursements.